FILED
2006 Mar-14 AM 09:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| ABC ADVERTISING AGENCY, INC., et al., | ) ) ) |
| Plaintiffs | ) ) |
| vs. | ) ) Case No. 7:05-cv-01216-HGD |
| PAUL JOSEPH LAKE, et al., | ) ) ) |
| Defendants | ) |

**MEMORANDUM OPINION**

The above-entitled civil action is before the court on the motion for summary judgment filed by defendants, Paul Joseph Lake and Lake & Associates. (Doc. #9).[1] Defendants seek dismissal of the claims of plaintiff William M. Crabtree and the count of plaintiffs' complaint for breach of a non-compete agreement.

A submission order with respect to the motion for summary judgment was entered, requiring plaintiffs to file evidentiary materials in response to the motion by August 30, 2005, and a brief in response to the motion by September 6, 2005.

---

[1] Because evidence outside the pleadings was submitted in support of the Motion to Dismiss filed by defendants, Rule 12(b) of the Federal Rules of Civil Procedure required that the motion to dismiss be treated as a motion for summary judgment.

Plaintiffs did not file any evidentiary materials or brief in response to defendants' motion. Instead, plaintiffs filed an amended complaint. (Doc. #17).

**The Complaint and Amended Complaint**

The complaint and amended complaint state that plaintiff ABC Advertising Agency, Inc. (ABC), is an advertising agency founded by plaintiff Crabtree in 1963 and incorporated in 1989. In 1986, Crabtree began work on table top advertising. In 1988, he began the procedure of obtaining a patent on his idea. Crabtree got a patent in 1996, and ABC produces patented table top advertising with Crabtree's permission. Plaintiffs aver they have developed a proprietary system for identifying prospective restaurants and selling advertisers on the concept of table top advertising. During 2004, defendant Paul Joseph Lake was introduced to ABC by one of its distributors. Lake expressed interest in becoming an ABC representative and submitted an application on August 9, 2004. ABC sent Lake a covenant not to compete and independent distributors agreement. Lake faxed a signed copy of the covenant and said he was signing and notarizing the distributor agreement and would send it by mail. In reliance, plaintiffs provided Lake with a sales kit and the identity of current or prospective clients, one of which was City Café in Northport. It is alleged that Lake approached City Café ostensibly to renew ABC's contract, but Lake had the

2

owner sign an agreement with Lake & Associates, patterned on ABC's contract. Plaintiffs allege that Lake used plaintiff's materials but for the benefit of Lake & Associates.

In the original complaint, plaintiffs alleged that defendants (1) improperly used plaintiff ABC's trade secrets, in violation of *Ala. Code* § 8-27-3, (2) breached a non-compete agreement, and (3) intentionally interfered with plaintiffs' contractual and business relationship with City Café. In the amended complaint, plaintiffs assert causes of action for (1) use of ABC's trade secrets, in violation of *Ala. Code* § 8-27-3, (2) intentional interference with the contractual and business relationship of ABC with City Café, (3) breach of an Independent Distributors Agreement with ABC, (4) infringement of Crabtree's patent, (5) false designation of origin, false description and false representation in violation of the Trademark Act, 15 U.S.C. § 1125(a), (6) conversion of Crabtree's patent, (7) unjust enrichment, and (8) suppression.

**<u>The Motion for Summary Judgment</u>**

In their motion for summary judgment, defendants assert that plaintiff Crabtree lacks standing to assert any of the claims in the original complaint, for misappropriation of ABC's trade secrets and for interference with the contractual or

business relationship between ABC and City Café. Defendants also contend that the non-compete agreement is void and unenforceable.

## DISCUSSION

This matter is considered by the court pursuant to the provisions of Rule 56, Fed.R.Civ.P. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986). Thus, summary judgment is appropriate where the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 332, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The substantive law governing the action determines whether an element is essential. *Liberty Lobby*, 477 U.S. at 248, 106 S.Ct. at 2510. A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, identifying those portions of the pleading, depositions, answers to interrogatories, and admissions on file, if any, which it believes demonstrate the

absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2553; *see Brown v. Crawford*, 906 F.2d 667, 669 (11th Cir. 1990), *cert. denied*, 500 U.S. 933, 111 S.Ct. 2056, 114 L.Ed.2d 461 (1991).

This circuit clearly holds that summary judgment should be entered when the moving party has sustained its burden of showing the absence of a genuine issue of material fact when all the evidence is viewed in the light most favorable to the non-moving party, *Sweat v. Miller Brewing Co.*, 708 F.2d 655 (11th Cir. 1983); *see also, Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Liberty Lobby*, 477 U.S. at 252, 106 S.Ct. at 2512. The evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his or her favor. *Id*. at 255, 106 S.Ct. at 2514, *citing Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158-59, 90 S.Ct. 1598, 1608-09, 26 L.Ed.2d 142 (1970).

In this case, the amended complaint filed by plaintiffs addresses the arguments of defendants in their motion for summary judgment. The amended complaint replaces and supersedes the original complaint. The counts of the amended complaint for trade secret use and intentional interference with a contractual or business

relationship are asserted only on behalf of plaintiff ABC; any assertion of the claims by plaintiff Crabtree has been deleted. Further, plaintiffs have deleted the count in the original complaint claiming breach of the covenant not to compete.

Accordingly, because plaintiff Crabtree is no longer asserting claims for trade secret use or interference with a contractual or business relationship, and plaintiffs are no longer asserting a claim for breach of the non-compete agreement, defendants' motion for summary judgment is moot. A separate order in conformity with this Memorandum Opinion will be entered contemporaneously herewith.

DONE this 14th day of March, 2006.

                                              HARWELL G. DAVIS, III
                                          UNITED STATES MAGISTRATE JUDGE